IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ATRELLA R. REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-510-GPM |
| | ) |
| SUSAN SHEA, TERRISA LASHMETT, | ) |
| JAMES F. DEVEREUX, and VICKIE | ) |
| STOUT, as Agents of the State of Illinois, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This is *pro se* Plaintiff Atrella R. Reynolds's (Reynolds) second case filed with this Court alleging a claim under the Family Medical Leave Act, 29 U.S.C. § 2601-2654 (FMLA) (*see* Doc. 1, ¶¶ 8-9), and due process violations under the Fourteenth Amendment (Doc. 1, ¶ 18). Reynolds's first case, *Atrella R. Reynolds v. Division of Aeronautics, et al.,* (*Reynolds I*), Case No. 08-415-GPM, was dismissed because: (1) Reynolds "made no specific allegations against any individual defendant;" (2) the State of Illinois was the only proper defendant; and (3) Reynolds's claim for money damages against the state [was] barred by the doctrine of sovereign immunity. (*Reynolds I*, Doc. 26, p. 2). Reynolds repeats the exact same errors in this, her second, case which arises out of the exact same operative facts as her first case. While Reynolds clearly believes she has been wronged, some of her claims are insufficient and others are barred as a matter of law. Defendants' Motion to Dismiss is therefore granted for the reasons outlined below.

In her Complaint, Reynolds alleges that "Defendant" demanded that she submit to a "fitness for employment" medical and psychiatric examination (Doc. 1, ¶ 8) and that "Defendant failed to follow state procedures providing Plaintiff with proper notice of the reason for the 'fitness for employment'" (Doc 1., ¶ 17).  Reynolds further alleges that these improper procedures amount to a "due process violation; thus, denying Plaintiff proper due process rights as guaranteed by the 14th Amendment" (*Id*. at ¶ 18).  The only facts that Reynolds has changed from, or added to, her first case are a few allegations that "Defendant" acted "through its agent Terrisa Lashmett," and a few additional details regarding the chronology of her "fitness for employment" physical.  Reynolds makes no mention of any of the other named Defendants.  Further, the only additional claim by Reynolds, other than her FMLA claim, is an alleged violation of her constitutional due process rights.  The core operative facts in this case are nearly, if not completely, identical to her first case.  Any alleged due process violations could have therefore been raised in her first case.

Defendants move to dismiss Plaintiff's *pro se* complaint because, they argue, it is barred by the doctrine of *res judicata* (*see* Doc. 8).[1]  Further, Defendants argue the complaint should be dismissed against Defendants Shea, Devereux, and Stout pursuant to Federal Rule of Civil Procedure 12(b)(6) because Reynolds has, once again, failed to make any specific allegations against these defendants.  Defendants are correct on both counts.

---

[1] Technically, a Court may not dismiss a case under Rule 12(b)(6) based on res judicata because, procedurally, it would be premature.  "Since res judicata is an affirmative defense, the defendant should raise it and then move for judgment on the pleadings under Rule 12(c)."  *See Carr v. Tillery*, Nos. 09-1124, 09-1168, 2010 WL 92487 (7th Cir. Jan. 12, 2010).  However, the same standard of review applies under both rules so this procedural defect is of no consequence to the ultimate resolution of this case.  *See Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824 (7th Cir. 2009).

First, even under the liberal construction that courts afford *pro se* pleadings, a complaint is properly dismissed where it "alleges no specific act or conduct on the part of defendant and the complaint is silent as to the defendant except for his [or her] name appearing in the caption." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Here, Terrissa Lashmett is the only named Defendant against which Reynolds alleges any specific act or conduct. Thus, Defendants Susan Shea, James F. Devereux and Vickie Stout — whose names appear only in the caption — are dismissed.

Further, Reynolds's complaint is barred by a very straightforward application of the doctrine of *res judicata.* As outlined by the Seventh Circuit Court of Appeals …

> [t]he three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of action[]; and (3) final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, *but also all issues which could have been raised in that action* (emphasis added).

*Highway J Citizens Group v. U.S. Dept. Of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (citations and internal quotes omitted). Here, there is no question regarding the identity of the parties because they are identical. Further, there is no question of whether their was a final judgment on the merits in Reynolds's first case.[2] Therefore, the only possible issue remaining is whether there is an identity of the claims or causes of action. Admittedly, Reynolds broadens her claims by alleging that her Fourteenth Amendment right to due process was violated. However, there can be no dispute that this claim could have been raised in Reynolds first action. As such, in the interest of judicial economy, Reynolds complaint is barred by *res judicata*.

---

[2] In her response to Defendants' motion to dismiss, Reynolds attempts to argue that "Defendants have not offered substantive evidence to support a ruling on the merits of this case" (Doc. 11, pp. 1-2). To the contrary, the Order in her first case clearly stated, "this action is dismissed on the merits" (*Reynolds I,* Doc. 26, p. 3).

Accordingly, Defendants' motion (Doc. 8) is **GRANTED**, and this action is, once again, **DISMISSED on the merits.**  Reynolds's Motion in Support of Proof for "Return of Service" is therefore **DENIED** as moot (Doc. 10).  The Clerk of Court is **DIRECTED** to enter judgment accordingly.  The parties shall bear their own costs.

**IT IS SO ORDERED.**

DATED: 2/02/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge